Electronically Filed
Marie Zaiz
Circuit Clerk
Amber Joseph
22LA0210
St. Clair County
6/8/2022 3:12 PM
18214747

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

MORGAN MCCARRON, INDEPENDANT )
ADMINISTRATOR OF THE ESTATE OF )
LYDIA A. FUNK, DECEASED, )
)
    Plaintiff, )
)
vs. ) Case No. 22-LA-0210
)
HSHS SAINT ELIZABETH'S HOSPITAL, )
POPLAR BLUFF EMERGENCY PHYSICIANS, )
LLC, O'FALLON FAMILY HEALTH CENTER, )
CEP AMERICA, LLC and SOUTHERN )
ILLINOIS HEALTHCARE FOUNDATION, )
)
    Defendants. )

## SECOND AMENDED COMPLAINT

### FACTS COMMON TO ALL COUNTS

1. Decedent, Lydia A. Funk was a resident of St. Clair County, State of Illinois, at the time of her death.

2. Morgan McCarron was appointed on June 2, 2020, as the Independent Administrator of the Estate of Lydia A. Funk, deceased.

3. Heather N. Sanders, PA (hereafter "Sanders") is a physicians' assistant licensed to practice medicine in the State of Illinois.

4. Kyle A. Derouen, D.O. (hereafter "Dr. Derouen") is a medical professional licensed to practice medicine, specifically emergency medicine, in the State of Illinois.

5. Defendant Poplar Bluff Emergency Physicians, LLC, is a domestic limited liability corporation registered to do business in the State of Missouri.



1

6. Howard K. Mell, M.D. (hereafter "Dr. Mell") is a medical professional licensed to practice medicine, specifically emergency medicine, in the State of Illinois.

7. Erik L. Egsieker, M.D. (hereafter "Dr. Egseiker") is a medical professional licensed to practice medicine, specifically emergency medicine, in the State of Illinois.

8. Vincent Duenas, M.D. (hereafter "Dr. Duenas") is a medical professional licensed to practice medicine, specifically family medicine, in the State of Illinois.

9. Nicholas A. Martin, D.O. (hereafter "Dr. Martin") is a medical professional licensed to practice medicine, specifically family medicine, in the State of Illinois.

10. Defendant O'Fallon Family Health Center is a medical provider licensed to do business in the State of Illinois.

11. Michael Brazelton, PA (hereafter "Brazelton") is a medical physicians' assistant licensed to practice medicine in the State of Illinois.

12. Adrienne B. Kinney (hereafter "Kinney") is a medical nurse practitioner licensed to practice medicine in the State of Illinois

13. Kevin Stuckey, PA-C (hereafter "Stuckey") is a medical physicians' assistant licensed to practice medicine in the State of Illinois.

14. Linda McCloud, NP (hereafter "McCloud") is a medical nurse practitioner licensed to practice medicine in the State of Illinois.

15. Defendant, CEP America, LLC is a foreign limited liability corporation licensed to practice in the State of Illinois.

16. Defendant HSHS St. Elizabeth's Hospital (hereafter "St. Elizabeth's") is a

duly organized corporation registered to do business in the State of Illinois as a not-for-profit corporation.

17. Defendant Southern Illinois Healthcare Foundation is a professional medical association that held itself and/or its physicians and/or its physician's assistants, nurses, agents, servants and/or employees out to the public as offering medical and services.

18. At all times relevant, Poplar Bluff Emergency Physicians is a professional medical association that held itself and/or its physicians and/or its physician's assistants, nurses, agents, servants and/or employees out to the public as offering medical and services.

19. At all times relevant, O'Fallon Family Health Center is a professional medical association that held itself and/or its physicians and/or its physician's assistants, nurses, agents, servants and/or employees out to the public as offering medical and surgical services.

20. That at all times relevant, CEP America, LLC, is a professional medical association that held itself and/or its physicians, physician's assistants, nurses, agents, servants and/or employees out to the public as offering medical services.

21. At all times relevant, Sanders, Dr. Mell, Dr. Egsieker, Kinney, Dr. Duenas, McCloud, Brazelton, were employees, servants, agents or apparent agents of CEP America, LLC acting within the scope of their employment.

22. At all times relevant, Dr. Derouen, was an employee, servant, agent or apparent agent of Poplar Bluff Emergency Physicians, LLC, acting within the scope of his employment.

23. At all times relevant, Dr. Martin was an employee, servant, agent or apparent

agent of O'Fallon Family Health Center, acting within the scope of his employment.

24. At all times relevant, Sanders, Dr. Derouen, Dr. Mell, Dr. Egsieker, Dr. Duenas, Dr. Martin, Brazelton, Kinney, Stuckey, and McCloud were employees, servants, agents or apparent agents of HSHS St. Elizabeth's Hospital acting within the scope of their employment.

25. Lydia A. Funk was, at all times relevant, a patient of all defendants.

26. On or about November 23, 2019, decedent began to feel ill.

27. On December 6, 2019, decedent presented to the emergency department at HSHS St. Elizabeth's Hospital with flu like symptoms, body aches weakness and had a fever for over 10 days.

28. Decedent provided a history of being seen by her primary care physician who had treated her with two different antibiotics for a presumed urinary tract infection and that she was still taking antibiotics at the time of the December 6, 2019 visit.

29. Decedent was evaluated by Heather Sanders, PA and Dr. Derouen at HSHS St. Elizabeth's.

30. Decedent's temperature in the emergency department was 100.9 and her abnormal laboratory test results included abnormal liver function tests, mild anemia, and low albumin. Testing for Influenza A&B was negative. Lactic acid level was normal. A blood test for mononucleosis (heterophile antibody screen) was negative. Testing for hepatitis A,B & C were all negative. Her urinalysis showed possible urinary infection (leukocyte esterase was moderate, however the sample appeared to be contaminated with many epithelial cells and only 5 white blood cells per high powered field). Her chest X ray showed no active disease.

31. Decedent was discharged to home to follow up with Dr. Ata Siddiqui, M.D.

32. On December 12, 2019, decedent was seen in the Family Medicine Clinic by Dr. Duenas with complaints of pain in her shoulders and fever for approximately 3 weeks.

33. Dr. Duenas sent Mrs. Funk to the emergency room specifically to be evaluated for possible joint infection. Mrs. Funk informed triage nurse Mark Gallagher, RN, that she had fever, pain everywhere, lightheadedness and weakness. Mrs. Funk specifically mentioned that she had pain and redness to her right shoulder and complained of pain in the left knee.

34. Mrs. Funk was seen by Dr. Mell and Dr. Egsieker and it was documented that decedent's temperature was 100.9 degrees Fahrenheit. The physical examination makes no specific mention of decedent's shoulders, knees or hips. A blood test for C- reactive protein was markedly elevated at 18. A plain x-ray was obtained of the right shoulder with the reason for obtaining the X ray listed as "pain, fever and swelling" and an x-ray was obtained of her left knee. The radiologist found no significant abnormalities on these x-rays.

35. A consult was placed to Family Medicine resident, Dr. Martin.

36. The records indicate that both Dr. Martin and the emergency medicine physicians considered that the cause of Mrs. Funk's complaints was "most likely not a monoarticular de novo joint infection of a native joint".

37. On December 13, 2019, Mrs. Funk was discharged after numerous additional tests were drawn. Dr. Martin documented that he personally would follow up on the lab results and coordinate care with Ms. Funk's primary care provider.

38. Multiple lab results returned after Mrs. Funk's discharge which included a

sedimentation rate that was extremely elevated at >140 MM/Hour (with a normal value being 0-30 MM/Hour).

39. There is no evidence that Dr. Martin ever reviewed these lab results findings. In the electronic medical record, the very abnormal sedimentation rate was "acknowledged by" Brazelton, Kinney, Stuckey and McCloud.

40. On December 22, 2019, Mrs. Funk was brought to Belleville Memorial Hospital emergency department by ambulance for evaluation of fever and altered mental status.

41. Mrs. Funk was diagnosed with a retropharyngeal abscess, probable osteomyelitis of the cervical spine and multiple septic emboli to the brain.

42. Mrs. Funk was transferred to Barnes Jewish Hospital in Saint Louis, Missouri at which time she was found to have abscesses and infections in multiple parts of her body including infected joints. These infections were caused by the bacteria Strep pyogenes.

43. Ms. Funk died on March 12, 2020, as a result of the widespread infection with Strep pyogenes.

## COUNT I
## HSHS ST. ELIZABETH'S HOSPITAL

COMES NOW plaintiff, Morgan McCarron, Independent Administrator of the Estate of Lydia A Funk, by and through his attorneys, Keith Short and Associates, P.C., and for her cause of action against defendant, HSHS St. Elizabeth's Hospital, states as follows:

1-43. That plaintiff incorporates by reference 1-43 above of common facts as though fully set forth therein.

44. HSHS St. Elizabeth's Hospital had a duty to ensure that the care and

treatment she provided to Lydia Funk were performed within the standard of care for a reasonably- careful medical professional.

45. That HSHS St. Elizabeth's Hospital, by and through the acts of its employees, servants, apparent agents and agents, including but not limited to, Sanders, Brazelton, Kinney, Stuckey, McCloud, Dr. Derouen, Dr. Mell, Dr. Egsieker, Dr. Duenas and Dr. Martin, was negligent in its treatment of Lydia Funk thereby causing permanent injuries and subsequently death, more fully set forth herein, in the following respects:

   (a) Negligently and carelessly failed to diagnose Funk as suffering from but not limited to, bone infection, retropharyngeal abscess, possible osteomyelitis of the spine and multiple septic emboli to the brain; and/or

   (b) Negligently and carelessly failed to reach a differential diagnosis that would or could explain Funk's symptoms, examination findings and diagnostic study results; and/or

   (c) Negligently and carelessly failed to review, read and/or understand diagnostic studies/lab studies indicating, among other things, ongoing infection and markedly elevated sedimentation rate; and/or

   (d) Negligently and carelessly failed to order additional studies, medication therapies and other reasonable treatment protocols given her elevated sedimentation rate and clinical presentation; and/or

   (e) Negligently and carelessly failed to secure consultation with qualified medical experts given her presentation, symptoms, complaints, lab work, diagnostic tests and clinical exam findings; and/or

   (f) Negligently and carelessly failed to order appropriate medical treatment given her presentation, symptoms, complaints, lab work, diagnostic tests and clinical exam findings; and/or

   (g) Negligently and carelessly discharged her from the hospital without an appropriate diagnosis and without adequate treatment plan.

46. That the injuries to decedent were directly and proximately caused by the negligence of HSHS St. Elizabeth's Hospital, its nurses, agents, apparent agents,

7

servants, and/or employees under its direction and control.

47. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, Lydia Funk died and her next of kin have been permanently deprived of her love, companionship, society and support, they have suffered grief, sorrow and mental suffering, and they have incurred and become liable for large sums of money in hospital, medical and related expenses all to their damage in a substantial sum.

WHEREFORE, Morgan McCarron, Independent Administrator of the Estate of Lydia Funk, deceased, prays for judgment against defendant, HSHS St. Elizabeth's Hospital, in the amount that is fair and reasonable and in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs here and expended.

## COUNT II
## POPLAR BLUFF EMERGENCY PHYSICIANS, LLC

COMES NOW plaintiff, Morgan McCarron, Independent Administrator of the Estate of Lydia A. Funk, by and through his attorneys, Keith Short and Associates, P.C., and for his cause of action against defendant, Poplar Bluff Emergency Physicians, LLC, states as follows:

1-43. That plaintiff incorporates by reference 1-43 above of common facts as though fully set forth therein.

44. Defendant Poplar Bluff Emergency Physicians, LLC had a duty to ensure that the care, treatment and surgical services provided to Lydia Funk by and through their physicians, physician's assistant, nurses, agents, servants and/or employees, including but not limited to acting within the scope and course of their employment, were performed within the standard of care for a reasonably careful medical professional.

8

45. That Poplar Bluff Emergency Physicians, LLC, by and through the acts of its employees, servants, and agents, including but not limited to, Kyle A. Derouen, D.O., was negligent in its treatment of Lydia Funk thereby causing permanent injuries and subsequently death, more fully set forth herein, in the following respects:

    (a) Negligently and carelessly failed to diagnose Funk as suffering from but not limited to, bone infection, retropharyngeal abscess, possible osteomyelitis of the spine and multiple septic emboli to the brain; and/or

    (b) Negligently and carelessly failed to reach a differential diagnosis that would or could explain Funk's symptoms, examination findings and diagnostic study results; and/or

    (c) Negligently and carelessly failed to review, read and/or understand diagnostic studies/lab studies indicating, among other things, ongoing infection and markedly elevated sedimentation rate; and/or

    (d) Negligently and carelessly failed to order additional studies, medication therapies and other reasonable treatment protocols given her elevated sedimentation rate and clinical presentation; and/or

    (e) Negligently and carelessly failed to secure consultation with qualified medical experts given her presentation, symptoms, complaints, lab work, diagnostic tests and clinical exam findings; and/or

    (f) Negligently and carelessly failed to order appropriate medical treatment given her presentation, symptoms, complaints, lab work, diagnostic tests and clinical exam findings; and/or

    (g) Negligently and carelessly discharged her from the hospital without an appropriate diagnosis and without adequate treatment plan.

46. Defendant Poplar Bluff Emergency Physicians, LLC by and through their physicians, physician's assistant, nurses, agents, servants and/or employees, acting within the scope and course of their employment, failed to follow the standard of care or was otherwise negligent in the care, treatment and performance of Lydia Funk.

47. That at all times herein mentioned, Kyle A. Derouen, D.O., was an employee, servant, agent or apparent agent of defendant, Poplar Bluff Emergency Physicians, LLC, acting within the scope and course of his employment.

WHEREFORE, Morgan McCarron, Independent Administrator of the Estate of Lydia A. Funk, prays for judgment against defendant, Poplar Bluff Emergency Physicians, LLC, in the amount that is fair and reasonable and in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs here and expended.

## COUNT III
## O'FALLON FAMILY HEALTH CENTER

COMES NOW plaintiff, Morgan McCarron, Independent Administrator of the Estate of Lydia A. Funk, by and through his attorneys, Keith Short and Associates, P.C., and for his cause of action against defendant, O'Fallon Family Health Center, states as follows:

1-43. That plaintiff incorporates by reference 1-43 above of common facts as though fully set forth therein.

44. Defendant O'Fallon Family Health Center had a duty to ensure that the care, treatment and surgical services provided to Lydia Funk by and through their physicians, physician's assistant, nurses, agents, servants and/or employees, acting within the scope and course of their employment, were performed within the standard of care for a reasonably careful medical professional.

45. That , O'Fallon Family Health Center, by and through the acts of its employees, servants, and agents, including but not limited to, Dr Martin, was negligent in its treatment of Lydia Funk thereby causing permanent injuries and subsequently death, more fully set forth herein, in the following respects:

> (a) Negligently and carelessly failed to diagnose Funk as suffering from but not limited to, bone infection, retropharyngeal abscess, possible osteomyelitis of the spine and multiple septic emboli to the brain; and/or
>
> (b) Negligently and carelessly failed to reach a differential diagnosis that would or could explain Funk's symptoms, examination findings and diagnostic study results; and/or

(c) Negligently and carelessly failed to review, read and/or understand diagnostic studies/lab studies indicating, among other things, ongoing infection and markedly elevated sedimentation rate; and/or

(d) Negligently and carelessly failed to order additional studies, medication therapies and other reasonable treatment protocols given her elevated sedimentation rate and clinical presentation; and/or

(e) Negligently and carelessly failed to secure consultation with qualified medical experts given her presentation, symptoms, complaints, lab work, diagnostic tests and clinical exam findings; and/or

(f) Negligently and carelessly failed to order appropriate medical treatment given her presentation, symptoms, complaints, lab work, diagnostic tests and clinical exam findings; and/or

(g) Negligently and carelessly discharged her from the hospital without an appropriate diagnosis and without adequate treatment plan.

46. Defendant O'Fallon Family Health Center by and through their physicians, physician's assistant, nurses, agents, servants and/or employees, acting within the scope and course of their employment, failed to follow the standard of care or was otherwise negligent in the care, treatment and performance of Lydia Funk

47. That at all times herein mentioned, Nicholas A. Martin, D.O., was an employee, servant, agent or apparent agent of defendant, O'Fallon Family Health Center, acting within the scope and course of his employment.

WHEREFORE, Morgan McCarron, Independent Administrator of the Estate of Lydia A. Funk, prays for judgment against defendant, O'Fallon Family Health Center, in the amount that is fair and reasonable and in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs here and expended.

## COUNT IV
## CEP AMERICA, LLC

COMES NOW plaintiff, Morgan McCarron, Independent Administrator of the Estate of Lydia A. Funk, by and through his attorneys, Keith Short and Associates,

P.C., and for his cause of action against defendant, CEP America, LLC, states as follows:

1-43.   That plaintiff incorporates by reference 1-43 above of common facts as though fully set forth therein.

44. Defendant CEP America, LLC had a duty to ensure that the care, treatment and surgical services provided to Lydia Funk by and through their physicians, physician's assistant, nurses, agents, servants and/or employees, acting within the scope and course of their employment, were performed within the standard of care for a reasonably careful medical professional.

45. That CEP America, LLC, by and through the acts of its employees, servants, and agents, including but not limited to, Heather N. Sanders, PA, Howard K. Mell, M.D., Erik L. Egsieker, M.D., Vincent Duenas, M.D., Michael Brazelton, PA, Adrienne B. Kinney, N.P., Linda McCloud, N.P., was negligent in its treatment of Lydia Funk thereby causing permanent injuries and subsequently death, more fully set forth herein, in the following respects:

    (a) Negligently and carelessly failed to diagnose Funk as suffering from but not limited to, bone infection, retropharyngeal abscess, possible osteomyelitis of the spine and multiple septic emboli to the brain; and/or

    (b) Negligently and carelessly failed to reach a differential diagnosis that would or could explain Funk's symptoms, examination findings and diagnostic study results; and/or

    (c) Negligently and carelessly failed to review, read and/or understand diagnostic studies/lab studies indicating, among other things, ongoing infection and markedly elevated sedimentation rate; and/or

    (d) Negligently and carelessly failed to order additional studies, medication therapies and other reasonable treatment protocols given her elevated sedimentation rate and clinical presentation; and/or

    (e) Negligently and carelessly failed to secure consultation with qualified medical experts given her presentation, symptoms, complaints, lab work,

diagnostic tests and clinical exam findings; and/or

(f) Negligently and carelessly failed to order appropriate medical treatment given her presentation, symptoms, complaints, lab work, diagnostic tests and clinical exam findings; and/or

(g) Negligently and carelessly discharged her from the hospital without an appropriate diagnosis and without adequate treatment plan.

46. Defendant CEP America, LLC by and through their physicians, physician's assistant, nurses, agents, servants and/or employees, acting within the scope and course of their employment, failed to follow the standard of care or was otherwise negligent in the care, treatment and performance of Lydia Funk.

47. That at all times herein mentioned, Heather N. Sanders, PA, was an employee, servant, agent or apparent agent of defendant, CEP America, LLC, acting within the scope and course of her employment.

48. That at all times herein mentioned, Howard K. Mell, M.D., was an employee, servant, agent or apparent agent of defendant, CEP America, LLC, acting within the scope and course of his employment.

49. That at all times herein mentioned, Erik L. Egsieker, M.D., was an employee, servant, agent or apparent agent of defendant, CEP America, LLC, acting within the scope and course of his employment.

50. That at all times herein mentioned, Vincent Duenas, M.D., was an employee, servant, agent or apparent agent of defendant, CEP America, LLC, acting within the scope and course of his employment.

51. That at all times herein mentioned, Michael Brazelton, PA, was an employee, servant, agent or apparent agent of defendant, CEP America, LLC, acting within the scope and course of his employment.

52. That at all times herein mentioned, Adrienne B. Kinney, N.P., was an

employee, servant, agent or apparent agent of defendant, CEP America, LLC, acting within the scope and course of her employment.

53. That at all times herein mentioned, Linda McCloud, N.P., was an employee, servant, agent or apparent agent of defendant, CEP America, LLC, acting within the scope and course of her employment.

WHEREFORE, Morgan McCarron, Independent Administrator of the Estate of Lydia A. Funk, prays for judgment against defendant, CEP America, LLC, in the amount that is fair and reasonable and in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs here and expended.

## COUNT V
## SOUTHERN ILLINOIS HEALTHCARE FOUNDATION

COMES NOW plaintiff, Morgan McCarron, Independent Administrator of the Estate of Lydia A. Funk, by and through his attorneys, Keith Short and Associates, P.C., and for his cause of action against defendant, Southern Illinois Healthcare Foundation, states as follows:

1-43. That plaintiff incorporates by reference 1-43 above of common facts as though fully set forth therein.

44. Defendant Southern Illinois Healthcare Foundation had a duty to ensure that the care, treatment and surgical services provided to Lydia Funk by and through their physicians, physician's assistant, nurses, agents, servants and/or employees, acting within the scope and course of their employment, were performed within the standard of care for a reasonably careful medical professional.

45. That Southern Illinois Healthcare Foundation, by and through the acts of its employees, servants, and agents, including but not limited to, Dr. Nicholas A. Martin, D.O. was negligent in its treatment of Lydia Funk thereby causing permanent

injuries and subsequently death, more fully set forth herein, in the following respects:

    (a) Negligently and carelessly failed to diagnose Funk as suffering from but not limited to, bone infection, retropharyngeal abscess, possible osteomyelitis of the spine and multiple septic emboli to the brain; and/or

    (b) Negligently and carelessly failed to reach a differential diagnosis that would or could explain Funk's symptoms, examination findings and diagnostic study results; and/or

    (c) Negligently and carelessly failed to review, read and/or understand diagnostic studies/lab studies indicating, among other things, ongoing infection and markedly elevated sedimentation rate; and/or

    (d) Negligently and carelessly failed to order additional studies, medication therapies and other reasonable treatment protocols given her elevated sedimentation rate and clinical presentation; and/or

    (e) Negligently and carelessly failed to secure consultation with qualified medical experts given her presentation, symptoms, complaints, lab work, diagnostic tests and clinical exam findings; and/or

    (f) Negligently and carelessly failed to order appropriate medical treatment given her presentation, symptoms, complaints, lab work, diagnostic tests and clinical exam findings; and/or

    (g) Negligently and carelessly discharged her from the hospital without an appropriate diagnosis and without adequate treatment plan.

46. Defendant Southern Illinois Healthcare Foundation by and through their physicians, physician's assistant, nurses, agents, servants and/or employees, acting within the scope and course of their employment, failed to follow the standard of care or was otherwise negligent in the care, treatment and performance of Lydia Funk

47. That at all times herein mentioned, Nicholas A. Martin, D.O., was an employee, servant, agent or apparent agent of defendant, Southern Illinois Healthcare Foundation, acting within the scope and course of his employment.

    WHEREFORE, Morgan McCarron, Independent Administrator of the Estate of Lydia A. Funk, prays for judgment against defendant, Southern Illinois Healthcare

Foundation, in the amount that is fair and reasonable and in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs here and expended.

                Respectfully Submitted,

BY: /s/Keith Short
     Keith Short    #6210044
     Keith Short and Associates, P.C.
     325 Market Street
     Alton, IL 62002
     618-254-0055
     618-254-1272—Facsimile
     keith@siltrial.com

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was electronically served, upon the attorneys of record of all parties, on the 8th day of June 2022.

Michael J. Nester
Donovan Rose Nester, P.C.
15 North 1st Street, Suite A
Belleville, IL 62220
mnester@drnpc.com

Mandy J. Kamykowski
Michael C. Schroeder
Erin N. Pfirrman
Kamykowski & Taylor, P.C.
222. S. Central Ave., Suite 1100
St. Louis, MO 63105
Mandy@ktpc.law
Michael@ktpc.law
Erinp@ktpc.law

/S/Erica N. Wallace