IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MORGAN MCCARRON, Independent Administrator
of the Estate of LYDIA A. FUNK, Deceased,

      Plaintiff,

vs.

HSHS SAINT ELIZABETH'S HOSPITAL, CEP
AMERICA, LLC, and UNITED STATES OF
AMREICA,

      Defendants.

Case No. 22-cv-2926-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of the defendant United States of America to dismiss the plaintiff's claim against it under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680, for insufficient service of process and for failure to exhaust administrative remedies (Doc. 6). The plaintiff responded to the motion (Doc. 13). The plaintiff explains that on January 9, 2023, the plaintiff cured the failure to properly serve process in the manner required by Federal Rule of Civil Procedure 4(i)(1). The plaintiff further concedes the failure to exhaust administrative remedies before filing this lawsuit as required by the FTCA and asks the Court to dismiss the claim against the United States without prejudice so that the plaintiff can exhaust those remedies.

**I.    Exhaustion of Remedies**

The FTCA provides that claims for monetary relief against the United States are prohibited unless administrative remedies are exhausted first. *See* 28 U.S.C. § 2675(a). "To exhaust administrative remedies, the plaintiff must 'have first presented the claim to the appropriate Federal agency,' so that the agency has an opportunity to meaningfully consider and address the claim prior to suit." *Chronis v. United States*, 932 F.3d 544, 546 (7th Cir. 2019) (quoting § 2675(a)). Unexhausted claims must be dismissed if the United States does not waive the exhaustion defense. *See McNeil v.*

*United States*, 508 U.S. 106, 113 (1993); *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012). If the original FTCA lawsuit against substituted parties was timely, the plaintiff may present the claim to the appropriate federal agency within 60 days of dismissal of the United States for failure to exhaust. 28 U.S.C. § 2679(d)(5).

Accordingly, the Court will dismiss the plaintiff's claims against the United States without prejudice for failure to exhaust administrative remedies. The plaintiff may commence with exhaustion.

**II.     Jurisdiction**

The dismissal of the United States as a defendant raises a jurisdictional question. This case was originally filed in state court against multiple defendants, two of which were ultimately deemed to be acting within the scope of federal employment. The United States removed the case to federal court pursuant to 42 U.S.C. § 233(c) and was substituted for those defendants. Now that the Court has decided to dismiss the United States, the Court no longer has original federal jurisdiction under that authority.

The Court had at the time of removal, and continues to have, jurisdiction over the remaining claims under 28 U.S.C. § 1367(a), which extends supplemental federal jurisdiction to all claims that are sufficiently related to the claims on which original jurisdiction is based so as to be part of the same case or controversy. However, § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." A district court has broad discretion in deciding whether to decline jurisdiction over state law claims when no original jurisdiction claims remain pending. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). The district court should consider judicial economy, convenience, fairness and comity. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[W]hen the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to

the state court unless there are countervailing considerations." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright*, 29 F.3d at 1251).

The Court has considered the relevant factors and has decided to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).  Remand of the remaining claims in this case is proper.

### III.    Rule 54(b) Judgment

Additionally, since the state court would not have jurisdiction to enter judgment against the United States, the Court finds that it is advisable to do so before remand.  Accordingly, the Court finds there is no just reason to delay entry of judgment of dismissal without prejudice of the United States and will direct the Clerk of Court to do so.

### IV.    Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the United States' motion to dismiss (Doc. 6);

- **DISMISSES** the FTCA claims against the United States **without prejudice** for failure to exhaust administrative remedies;

- **DIRECTS** the Clerk of Court to enter judgment dismissing all claims against the United States **without prejudice** pursuant to Federal Rule of Civil Procedure 54(b); and

- **REMANDS** all other claims in this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**
**DATE:  January 30, 2023**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**